BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
MARK P. TAKLA
Chief, Orange County Office
STEPHANIE L. ORRICK (Cal. Bar No. 199251)
Special Assistant United States Attorney
Orange County Office
     Ronald Reagan Federal Bldg & U.S. Courthouse
     411 West 4th Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3599
     Facsimile: (714) 338-3561
     E-mail:   stephanie.orrick@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
Oct 21, 2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___pd___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>              v.<br><br>RENE LUNA,<br><br>            Defendant. | No. 8:25-CR-00119-ODW<br><br>PLEA AGREEMENT FOR DEFENDANT RENE LUNA<br><br>**[CLASS C MISDEMEANOR]** |

1.   This constitutes the plea agreement between RENE LUNA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count

First Superseding in the form attached to this agreement as Exhibit A or substantially similar form, which charge defendant with Obstruction in violation of 41 C.F.R. § 102-74.390(b), a Class C Misdemeanor.

      b.   Not contest facts agreed to in this agreement.

      c.   Abide by all agreements regarding sentencing contained in this agreement.

      d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

      a.   Not contest facts agreed to in this agreement.

      b.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose a sentence in accordance with paragraph 13 of this agreement.

## NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of the crime charged in the single-count First Superseding Information,

that is, Obstruction, in violation of 41 C.F.R. § 102-74.390(b), the following must be true: defendant (1) failed to follow the lawful direction of a Federal police officer or other authorized individual (2) on property under the authority of the U.S. General Services Administration, (3) unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; and (4) the signs prohibiting such an act were conspicuously posted.

## PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 41 C.F.R. § 102-74.390(b), is: 30 days imprisonment; a five-year period of probation; a fine of $500; and a mandatory special assessment of $5.00 for Class C misdemeanor convictions.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that probation is a period of time imposed in lieu of imprisonment, during which defendant will be subject to various terms and conditions, including restrictions and requirements. Defendant understands that if he violates a condition of probation at any time prior to the expiration or termination of

the term of probation, the Court may continue him on probation, with or without extending the term or modifying or enlarging the conditions, or revoke the sentence of probation and resentence defendant to any sentence up to the statutory maximum, including imprisonment, for the offense of conviction.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that, if defendant is not a United States citizen, the misdemeanor conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the misdemeanor conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree

4

that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On June 9, 2025, at approximately 1:00 P.M., within the Central District of California, defendant Rene Luna was present at 34 Civic Center Plaza, Santa Ana, California, which was a federal building operated by the U.S. General Services Administration ("GSA") which housed multiple federal agencies including HSI and Immigration Customs Enforcement ("ICE"), Enforcement Removal Operations ("ERO"), and where the rules governing conduct on such property under the administration of the GSA were prominently posted (the Federal Property"). Along with others, defendant engaged in a course of conduct that spanned areas and resulted in effects both on and off the Federal Property, including throwing objects at federal officials who were on the Federal Property and obstructing their access to the federal building. Defendant threw at least one plastic water bottle with liquid in the direction of the federal officials.

SENTENCING FACTORS AND AGREED-UPON SENTENCING RECOMMENDATION

11.  Defendant understands thatthe sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a).  Additionally, the parties agree that, because the offense to which defendant is pleading guilty is a Class C misdeameanor, the United States Sentencing Guidelines do not apply.

12. Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the Court impose a sentence of time served, followed by one-year period probation with conditions to be fixed by the Court which shall include the special condition set forth in paragraph 2(h) above, and a $5 special assessment.

## WAIVER OF CONSTITUTIONAL RIGHTS

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

14. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

15. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16. Defendant agrees that, provided the Court imposes the sentence specified in paragraph 12 above, defendant gives up the right to appeal any portion of that sentence, and the procedures and

7

calculations used to determine and impose any portion of that sentence.

17. The USAO agrees that, provided the Court imposes the sentence specified in paragraph 12 above, the USAO gives up its right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

<u>WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS</u>

18. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

19. Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge

that was either dismissed or not filed as a result of this agreement, then:

     a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

     b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect

defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

## NO ADDITIONAL AGREEMENTS

27. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

BILAL A. ESSAYLI
Acting United States Attorney

*/s/ Stephanie Orrick*                     10/20/2025
STEPHANIE L. ORRICK                        Date
Special Assistant United States
Attorney

*/s/*                                      10-16-25
RENE LUNA                                  Date
Defendant

*/s/*                                      10-16-25
BO GRIFFITH                                Date
Attorney for Defendant RENE LUNA

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those

12

1  contained in this agreement.  No one has threatened or forced me in
2  any way to enter into this agreement.  I am satisfied with the
3  representation of my attorney in this matter, and I am pleading
4  guilty because I am guilty of the charge and wish to take advantage
5  of the promises set forth in this agreement, and not for any other
6  reason.

_____           25 R.L.
RENE LUNA                            10-16-25
Defendant                            Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am RENE LUNA's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____           10-16-25
BO GRIFFITH                          Date
Attorney for Defendant RENE LUNA

13

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:25-CR-00119-ODW |
|---|---|
| Plaintiff, | **FIRST SUPERSEDING INFORMATION** |
| v. | |
| RENE LUNA, | [41 C.F.R. § 102-74.390(b): Obstruction] |
| Defendant. | |

The Acting United States Attorney charges:

[41 C.F.R. § 102-74.390(b)]

On June 9, 2025, at approximately 1:00 p.m., defendant RENE LUNA was at a federal building under the authority of the U.S. General Services Administration, namely 34 Civic Center Plaza, Santa Ana, California, a federal building that houses federal agencies, including those that are part of the Department of Homeland Security, and where the rules governing conduct on such property under the administration of the GSA were prominently posted (the "Federal Property"). Defendant engaged in a course of conduct that spanned areas and resulted in effects both on and off the Federal Property, including throwing objects at federal officials who were on the Federal Property and

obstructing their access to the federal building.  Defendant threw at least one plastic water bottle with liquid in it at the federal officials.

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office

MELISSA S. RABBANI
Assistant United States Attorney
Deputy Chief, Orange County
  Office

STEPHANIE L. ORRICK
Special Assistant United States
  Attorney, Orange County Office